## BITTING v. MOWRY.

### April 23, 1836.

*Rule to show cause why a new trial should not be granted.*

Where the pleadings do not distinctly state the cause of action, or the nature and quality of the plaintiff's claim, (as in *scire facias* on a mechanic's lien) and where, upon the trial, the plaintiff opens a case by oral allegation and proof, which is successfully met by the defendant, and the plaintiff, in conclusion, relies upon a different case altogether, arising out of the whole testimony, so as to effect a material *surprise* on the defendant; and the jury find for the plaintiff: the court will grant a new trial.

But in such case the court will not grant a new trial, if the amount in controversy arising out of such matter of surprise is so small as not to exceed the costs to the parties of another trial.

THIS cause was tried before JONES, J.   It was a *scire facias* upon a mechanic's lien.   The plaintiff opened his case upon a general *assumpsit* for work and labour done and materials furnished in the building of a house for the defendant.   The amount of his claim was stated to be 1119 dollars 13 cents.   Several witnesses were called to prove the quantity, quality and worth of the work and materials.

The defendant alleged, by way of defence, that the house was built under a special contract, at the stipulated price of 850 dollars; that she had already paid 825 dollars of the price; that the house was not entirely completed according to the contract, nor built in so good a manner as the contract required, and that she had retained the 25 dollars on that account.

The plaintiff's counsel objected to the competency of several of the witnesses who were called to prove the special contract.   The witnesses executed releases, and were admitted to testify.   They proved very clearly the contract and the payments made upon it; and they testified also that the work was not wholly done, nor done so well, in all respects, as the contract required.

(*a*) See Evans *v.* Fry, 3 *Watts's Rep.* 208, reported after this decision was made.

[Bitting v. Mowry.]

The plaintiff then called several witnesses to rebut that part of the defendant's evidence which related to the manner in which the work was done. He also called a witness to prove that there was an alteration in the plan of the house, after the building was commenced, for which, at all events, they were entitled to compensation.

The plaintiff's counsel, in summing up, maintained the ground taken in the opening, and insisted that there was no sufficient evidence of any special contract.

The defendant's counsel directed their attention chiefly to the view thus taken.

The counsel who replied abandoned the ground taken by his colleague in the cause, admitted the existence of a special contract, but insisted, in a very energetic speech, that extra work was done, at the defendant's request, for which they were entitled to extra pay.

The jury found a verdict for the plaintiff.

The trial of the cause occupied five days.

The defendant obtained this rule to show cause why a new trial should not be granted, and assigned for reasons :

1. That the plaintiff, during the trial, and after the defendant had closed, had varied his case substantially, and caused a material surprise upon the defendant.

2. That the amount in controversy was too small to give jurisdiction to this court, being but 25 dollars.

*J. S. Brewster* and *Naylor,* for the plaintiff.
*Dallas* and *Keemlé,* for the defendant.

The opinion of the Court was delivered by

JONES, J.—I was not satisfied with the course which this cause took, and if the verdict were considerable, I should think it ought to be set aside without inquiring into its merits.

As the particular question upon which the cause turned was not raised upon the record, the defendant had a right to consider the question stated in the opening of the cause as the real question which the plaintiff meant to try ; and all the evidence offered in chief by the plaintiff, and the summing up, tended to confirm this belief.

It seems to me unjust to allow a plaintiff to turn the generality of the proceeding, and his own course of conduct, into a surprise upon the defendant, by deserting the ground he had taken and persisted

I.—2 c

in until after the defendant had closed, and then, upon finding that he could not maintain it, resorting to another upon which little or no reliance had been previously placed.

It is a defect in this action that no statement or declaration of the cause of action is required. In this case, if the plaintiffs had been required to state with precision their cause of action, under the liability of failure upon a material variance between their allegations and their proofs, the cause would probably have been abridged from five days to five hours or less.

Even in *assumpsit*, where the declaration is often general, and the issue to be tried very indefinite, the plaintiff would not be permitted after the parties had gone to trial upon the apprehension that one fact only was to be tried, to start another upon which he may recover a sum sufficient to carry costs. Neither party in that action is allowed to entrap the other in form ; and in this action, so long as it is conducted without pleadings, neither party should be allowed to surprise the other for want of forms. In cases where the pleadings do not direct the attention of the parties to the real matters in controversy, and control their proofs, the due administration of justice requires that notices, and the oral statements of the parties upon the trial, should supply substantially the place of pleadings ; and that the rules, which require certainty and particularity in pleadings, should substantially be applied to the conduct of the cause upon the trial. But this cannot be done in its full extent in a court whose judgments are liable to revision, because the relevancy of testimony is to be judged of by the state of the record and not by the opening or allegations of counsel. *Cowp.* 806, 807 ; Longchamp *v.* Kenny, *Douglass* 132 ; Roberts *v.* Hartly, *Ibid.* 311. In some cases therefore justice can be done only by granting new trials, in order to enable the party surprised to be prepared to meet that which he ought to have been apprized of by the record.

Had the special contract in this case been admitted at an early stage of the proceeding, and the claim for extra work been distinctly proposed as a substantive ground of claim, we should not have granted the rule ; for there was some evidence of a change in the plan of the house ; and although there was contradictory evidence, another jury might have found the same verdict.

The weight of evidence and the credibility of witnesses are a matter for the jury ; and we are reluctant to interfere with verdicts when the question is fully and fairly submitted to them, even when the amount is much more considerable than it is in this case.

[Bitting v. Mowry.]

Our difficulty has arisen wholly from the course which this cause took upon the trial. We do not intend by any thing that has been said to intimate that any unfairness was intended upon the part of the plaintiff's counsel; they were probably surprised themselves by the strength of the defendant's case upon the question which they intended to try. Under such circumstances it is usual for counsel to make the best use of the materials which they have to support the cause of their client; but it may become the duty of the court also to set aside verdicts so obtained, if necessary to insure equality between the parties on the trial.

Upon a careful review of the whole case we have come to the conclusion that we will refuse this rule.

If the defendant had not been prepared to give any evidence upon the point on which the cause turned, we should think there ought to be a new trial, however small the verdict: but she had several witnesses who testified as to the subject of the plan of the building. The jury however thought proper to allow greater weight to the testimony given by the plaintiff's witness upon that point. But the chief consideration with us is that the matter in dispute is really not worth the trouble and expense of another trial. The cost of another trial to the parties themselves, independently of taxable costs, would probably exceed this verdict; and if upon the second trial the cause should consume as much time as it did upon the first trial, it would cost the public several times the amount of this verdict. This is frequently a consideration with courts, and properly so. Burd *v.* Lessee of Dansdale, 5 *Binn.* 91, 92.

The question of jurisdiction raised by the defendant cannot we think be maintained. The plaintiff's claim is for extra work upon a general contract, as well as for the balance of the contract price. Whether he claims too much or not can be ascertained only by trial. This verdict cannot be assumed as a criterion of the amount of his demand; for, if set aside, the plaintiff will be at liberty still to proceed for such amount as he thinks he reasonably deserves to have for the extra work and materials; and his recovery will be in damages for breach of contract.

PETTIT, *President,* was absent at the argument, in consequence of indisposition.

Rule discharged.